UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAMMY LYNN CICERO

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 12-279-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 26, 2014.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAMMY LYNN CICERO

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 12-279-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Tammy Lynn Cicero brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying her applications for disability insurance and supplemental security income benefits ("SSI").

Based on the standard of review and the analysis which follows, the Commissioner's decision should be affirmed.

**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91

S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  It is more than a mere scintilla and less than a preponderance.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.  *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).  In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  Conflicts in the evidence are for the Commissioner and not the court to resolve.  *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal.  *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers

from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. §§ 404.1520; 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations;[1] (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of her past relevant work. If the claimant shows at step four that she is no longer capable of

---

[1] Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §§ 404.1525; 416.925.

performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra.  If the Commissioner meets this burden the claimant must then show that she cannot in fact perform that work.  *Boyd*, 239 F.3d at 705.

**Background and Claims of Error**

Plaintiff was 37 years old at the time of the administrative law judge's ("ALJ") decision.  Plaintiff graduated from high school and was employed as a receptionist at an environmental consulting firm from 1996 to 2005, and was then employed for approximately two years in her own business selling promotional items.[2] AR pp. 44-46, 101, 125, 133-36.[3]  In her applications for disability and supplemental security income benefits, the plaintiff alleged that she became disabled and unable to work as of February 1, 2008.  AR pp. 44-46, 124.  Plaintiff claimed that as of this date she was unable to work because of several mental and physical conditions - herniated discs in her back and neck with resulting pain and limitations on her ability to sit and stand, headaches, heart

---

[2] Before 2006 the plaintiff also held a receptionist job with another firm, and prior to that was a cashier.  AR p. 45-46, 142-48.

[3] Plaintiff's age placed her in the category of "younger person." 20 C.F.R. §§ 404.1563(c); 416.963(c).

4

problems, numbness, ulcers, and depression. AR pp. 30, 124.[4]

After the plaintiff's application for benefits was denied at the initial stages she requested an ALJ hearing. After the hearing the ALJ issued an unfavorable decision. AR pp. 28-60.[5] The ALJ found at the second step that the plaintiff suffered from a combination of severe impairments - degenerative disc disease of the cervical and lumbar spine, fibromyalgia and migraines. AR p. 30. At the third step, he found that these conditions did not meet or medically equal the criteria of any listed impairment under 20 C.F.R. Ch. III, Part 404, Subpart P, Appendix 1.

The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine, at the fourth and fifth steps, whether the plaintiff was able to do her past relevant work or do other work in the national economy. After a review of all the evidence the ALJ concluded that despite her severe impairments, the plaintiff had the ability to perform a full range of sedentary work as it is defined in the regulations.[6] AR p. 32. Given this RFC,

---

[4] Plaintiff injured her neck and back in a motor vehicle accident that occurred in June 2004. AR pp. 216, 279, 319-41.

[5] At the administrative level, the Appeals Council initially granted the plaintiff's request for review, but then vacated that order and issued a denial of the request for review. Plaintiff exhausted her administrative remedies before filing this action for judicial review. The ALJ's decision is the Commissioner's final decision for purposes of judicial review. AR pp. 1-3, 97-100.

[6] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and
(continued...)

and considering the plaintiff's age, education and work experience, vocational expert Richard Galloway testified that the plaintiff was able to engage in her past employment as a receptionist. Based on Galloway's hearing testimony, the ALJ concluded at the fourth step that the plaintiff was not disabled because she retained the ability to perform the duties of her past work as a receptionist. AR pp. 34, 58-59.

Plaintiff filed this action for judicial review and argued that the Commissioner's final decision should be reversed and remanded because numerous errors were committed by the ALJ. In the memorandum in support of her appeal the plaintiff made the following arguments:

(1) The ALJ did not comply with 20 C.F.R. Section

---

[6](...continued)
sustained basis. It is the foundation of the findings at steps four and five. 20 C.F.R. §§ 404.1545; 416.945.
   "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §404.967(a); §416.967(a).
   Social Security Ruling SSR 96-9P explains that in order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at a approximately 2-hour intervals. Thus, if an individual is unable to sit for a total of 6 hours in an 8 hour work day, the unskilled sedentary occupational base is eroded. TITLES II AND XVI: DETERMINING CAPACITY TO DO OTHER WORK-IMPLICATIONS OF A RESIDUAL FUNCTIONAL CAPACITY FOR LESS THAN A FULL RANGE OF SEDENTARY WORK, SSR 96-9P, 1996 WL 374184 (S.S.A. July 2, 1996).

404.1527(d), and he improperly rejected the restrictions assessed by the claimant's treating specialists without good cause.

(2) The ALJ not only rejected restrictions assessed by treating sources, he also declined to adopt the physical non-exertional restrictions assessed by the agency's reviewing physician. No evidentiary choices exist which support the ALJ's RFC finding.

(3) The ALJ's RFC findings improperly rejected mental restrictions reflected in the report of the agency's examining psychologist in favor of the opinion of the agency's reviewing, non-examining source.

(4) The claimant's allegations of pain and restriction were improperly rejected without the credibility assessment which is required by the regulations.

(5) The ALJ found that the claimant's migraine headaches constitute a severe impairment which significantly restricts the her ability to work. Yet the ALJ included no restrictions attributable to the claimant's migraine headaches in the RFC, and he offered no explanation as to how they may be accommodated upon return to her past work as a receptionist.

(6) The ALJ's error in finding that the claimant retains the capacity to perform past work is not harmless because he failed to obtain vocational expert testimony indicating the number of other jobs which the claimant could be expected to successfully perform.

Review of the administrative record as a whole and the analysis below demonstrates that the claims of error raised by the plaintiff are without merit, and substantial evidence supports the final decision of the Commissioner that the plaintiff is not disabled.

## Analysis

**The ALJ's RFC finding complied with the proper legal standards and is supported by substantial evidence.**

Plaintiff's focused on the ALJ's RFC finding, arguing that it

7

was erroneous and not supported by substantial evidence. Plaintiff essentially argued that the ALJ improperly failed to include various exertional and nonexertional limitations found in the reports/statements of treating, consulting, and reviewing physicians. However, review of the case law, regulations and the record as a whole shows that these claims of error are unsupported.

The reviewing agency medical consultant, Dr. Mark M. Walker, considered all the relevant evidence and the plaintiff's impairments as set forth in the medical records - degenerative disc disease of the cervical and lumbar spine, fibromyalgia, Grave's and Raynaud's disease and headaches - and did a complete assessment of the plaintiff's exertional and nonexertional capacity to do work-related activities. AR pp. 301-310. Dr. Walker's report is the only comprehensive assessment of the plaintiff's RFC in the record. His report stated that the plaintiff had an RFC for light work, with no manipulative, visual, communicative or environmental limitations. But the plaintiff could never climb ladders, ropes and scaffolds, and only occasionally climb ramps/stairs, balance, stoop, crouch and crawl. AR p. 305. Under the regulations, if a claimant is capable of light work, this also supports a finding that the claimant can do sedentary work.[7]

Plaintiff's treatment records and statements about her daily activities also provide evidentiary support for the ALJ's RFC

---

[7] 20 C.F.R. §§ 404.1567(b); 416.967(b); *Bayer v. Colvin*, 2014 WL 541294 (5th Cir. Feb. 12, 2014)

8

finding.  As noted by Dr. Walker and the ALJ, the tests and treatment records contained doctors' diagnoses of numerous medical conditions.  Yet, the reports of the plaintiff's physical examinations, including neurological and musculoskeletal exams, were essentially normal with no significant limitations indicated. Plaintiff reported that she is able to take care of her personal needs, drive, shop, visit her family, attend church weekly, attend her child's sporting events, and perform household chores such as cooking, cleaning and laundry.  AR pp. 47-48, 152-54.  Plaintiff also stated that she was caring for her grandmother who was recently diagnosed with cancer.[8]

Considered as a whole, the above evidence is relevant and sufficient for a reasonable mind to accept as adequate to support the conclusion that the plaintiff had an RFC for a full range of sedentary work.  None of the plaintiff's arguments demonstrate any legal error in the ALJ's RFC analysis or that the finding lacks substantial evidentiary support.

Plaintiff argued that the ALJ improperly rejected: (1) Dr. Walker's non-exertional climbing restrictions; (2) Dr. Kyle Girod's statement in a February 8, 2008 letter that the plaintiff's disc disease made her unable to tolerate sitting for extended periods;[9] (3) Dr. James W. McNeil's recommendation that the

---

[8] Plaintiff reported this on a visit to Dr. Brian LeBlanc, her primary care doctor, on May 4, 2010.  AR p. 397.

[9] Dr. Girod was the plaintiff's treating orthopedist.  AR p. (continued...)

9

plaintiff avoid cold and the use of any vibratory machinery;[10] and, (4) mental restrictions reflected in the report of the agency's examining psychologist, Alan L. Taylor, Ph.D.

With regard to Dr. Walker's climbing limitation, the fact that the ALJ did not specifically include in his finding one postural limitation - limited to occasionally climbing ramps/stairs, and never climbing ladders, ropes and scaffolds - does not negate the substantial evidence supporting the RFC finding. It is the ALJ's role to weigh all the evidence and resolve conflicts in the evidence. In this role the ALJ is free to partially credit evidence. Thus, it was not error to rely on Dr. Walker's RFC assessment without also specifically adopting the climbing limitations. Furthermore, Social Security Ruling 96-9P,[11] as well as several unpublished decisions,[12] support the conclusion that

---

[9](...continued)
364.

[10] AR p. 257. Dr. Girod referred the plaintiff to Dr. McNeil for a vascular consultation. Dr. McNeil's impression was that the plaintiff had mild Raynaud's phenomenon. AR pp. 256-57.

[11] Social Security Administration rulings are not binding on the court, but may be consulted when the statute at issue provides little guidance. The Fifth Circuit frequently relies on the rulings in evaluating ALJs' decisions. *Myers v. Apfel,* 238 F.3d 617, 620 (5th Cir. 2001).

[12] *See*, *CFR v. U.S. Commissioner, Social Security Admin.,* 2012 WL 3257842 *3 (W.D.La. June 22, 2012), report and recommendation adopted, 2012 WL 3260272 (W.D.La. Aug. 8, 2012)(considering SSR 9-9P plaintiff has not made a persuasive argument that a limitation to no more than occasional climbing of stairs/ramps would have a significant impact on the availability of sedentary work); *Barry v. Astrue*, 2010 WL 2072767 (D.Me. May 18, 2010), report and
(continued...)

these types of climbing restrictions are not inconsistent with the ability to engage in a full range of sedentary work. Neither the Social Security Rulings nor the cases cited by the plaintiff demonstrate that an RFC for a full range of sedentary work is inconsistent with being able to occasionally climb ramps and stairs.

Plaintiff also argued that the ALJ failed to consider, and therefore rejected without good cause, the statements by Drs. Girod and Dr. McNeil that she could not tolerate sitting for extended periods of time and should avoid cold and the use of any vibrating machinery. AR pp. 257, 364. Although the ALJ did not cite these specific statements in his decision, the ALJ's analysis supports the conclusion that the he considered this evidence in making his RFC finding. The ALJ wrote that while the plaintiff "has some limitations, as evidenced by her treating sources, the evidence does not indicate that [] all forms of work activity would be prohibited." AR p. 33. This shows that the ALJ considered and partially credited the evidence and limitations noted by Drs. Girod and McNeil, resulting in the finding that the plaintiff could do sedentary work, rather than the light work assessment by agency medical consultant Dr. Walker.

Even if the ALJ failed to consider or rejected the limitations noted by Drs. Girod and Dr. McNeil, this does not establish error

---

[12](...continued)
recommendation adopted, 2010 WL 2342489 (D.Me. June 8, 2010).

in the ALJ's RFC finding.[13]  With regard to Dr. McNeil's statement, Social Security Ruling 96-9p explains that few occupations in the unskilled sedentary occupational base require work in environments with extreme cold or heat, wetness, humidity, vibration or unusual hazards.  Turning to Dr. Girod's statement,[14] he was not specific as to the length of time the plaintiff would not be able to tolerate extended sitting.  Social Security Ruling SSR 96-9p states that in order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately six hours of an eight-hour workday, with a morning break, a lunch period, and an afternoon break at a approximately two-hour intervals.  Given this policy guidance on sedentary work - it would not require having to sit for more than about two hours at a time - the plaintiff failed to demonstrate that Dr. Girod's general statement is inconsistent with an RFC finding that she is able to perform a full range of sedentary work.

Plaintiff argued that the ALJ should have accepted the opinions of agency consulting psychologist Alan L. Taylor, Ph.D.,

---

[13] Such error would be harmless.  The primary policy underlying the harmless error rule is to preserve judgments and avoid waste of time.  *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988).  Thus, procedural perfection in administrative proceedings is not required.  A judgment will not be vacated unless the substantial rights of a party have been affected.  Procedural improprieties constitute a basis for remand only if they would cast into doubt the existence of substantial evidence to support the ALJ's decision. *Id.; Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988).

[14] Dr. Girod included this statement in a letter dated February 28, 2008.  The context of the letter was the doctor's request that the plaintiff be excused from jury duty at that time.  AR p. 364.

and included mental restrictions in the RFC finding.  According to the plaintiff, the ALJ relied on the reviewing, non-examining psychologist Judith Levy, Ph.D., which was contradicted by Taylor's report and not supported by any evidence.[15]  Review of the ALJ's decision, the reports and other relevant evidence demonstrate that the plaintiff's argument is not supported by the record.

Plaintiff quoted part of Taylor's report and relied on the fact that Taylor found "[f]rom a psychological point of view, her affective symptoms were characterized as moderate."  Plaintiff, however, left out the remaining part of the sentence.[16]  The entire sentence from Taylor's report read: "From a psychological point of view, her affective symptoms were characterized as moderate but would not significantly impact her ability to maintain employment."  AR p. 282.[17]  Plaintiff failed to explain how Levy's assessment is

---

[15] AR pp. 279-82, Taylor's report of consultative examination; AR pp. 285-99, Levy's psychological review technique and rating of functional limitations.

[16] Record document number 9, Plaintiff's Memorandum in Support of Appeal, p. 12.

[17] Taylor's statement preceding this sentence also supports the ALJ's finding that the mental impairment was not severe.  Taylor reported the plaintiff "has the ability to understand, remember, and carry out instructions at any level as evidenced by her test results and observation during the course of this examination.  She is capable of managing her personal financial affairs.  The results of this assessment suggest that she does not have an impairment in her concentration and attention abilities that would interfere with sustaining at least two hours of repetitive tasks.  She is capable of responding appropriately to supervision and interacting appropriately with coworkers.  her ability to sustain a normal pace of work for a 40-hour work week would be dependent upon her physical symptoms."  AR p. 282.

13

inconsistent with this statement in Taylor's report. Moreover, Taylor's conclusions as a whole are consistent with Levy's review. Taylor's psychological source statement, along with Levy's findings that the plaintiff had no limitations other than a mild limitation in maintaining concentration, persistence and pace,[18] is relevant and sufficient for a reasonable mind to accept as adequate to support the conclusion that the plaintiff's mental impairment is non-severe.[19] Furthermore, this evidence constitutes substantial evidence to support the ALJ's decision not to include any mental restrictions in the RFC finding.

Plaintiff's remaining argument is that the ALJ's RFC finding lacked substantial evidence because it did not include any restrictions attributable to migraine headaches, which the ALJ found to be a severe impairment. Plaintiff's argument is unpersuasive.

The fact that migraine headaches are one of the plaintiff's severe impairments does not necessarily mean that the non-exertional limitations cited by the plaintiff must or should be included in the RFC finding. Plaintiff noted that migraines generally cause such symptoms as nausea and vomiting, alteration of

---

[18] AR p. 296.

[19] "An impairment can be considered not severe only if it is a slight abnormality [having] such minimal effects on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985); *Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000).

14

awareness and the need to lie still in a dark and quiet room. Nevertheless, the issue is whether there is evidence in the record to show that the plaintiff experienced these symptoms/limitations. Plaintiff cited a Social Security "Question and Answer" and an unpublished case,[20] but failed to cite any evidence in the record to show that her migraine headaches caused these types of symptoms.[21] Without evidence in the record to support these restrictions, the ALJ did not err in finding that the plaintiff could do sedentary work, without any additional limitations resulting from migraine headaches.

**The ALJ properly evaluated the plaintiff's credibility and adequately explained the reasons for his finding, which was supported by substantial evidence.**

Plaintiff argued that the ALJ improperly rejected her allegations of pain and limitations without the credibility assessment required by the regulations. Plaintiff pointed out that the medical evidence of her conditions could reasonably be expected to cause the symptoms she described, and there is no evidence in the record to suggest malingering, exaggeration or any indication that her complaints deserve less than full credibility.

---

[20] Record document number 14, Plaintiff's Response to Defendant's Opposition Memorandum, p. 7.

[21] At the ALJ hearing the plaintiff did not testify that she had any of these kinds of symptoms or limitations from her migraine headaches. As noted by the ALJ, the plaintiff reported to Dr. Girod in October 2009 that she took Advil for headaches. AR p. 33. At about the same time, she also reported to Dr. McNeil that she had a history of migraine headaches and took Imitrex in the past, but very irregularly - maybe twice in the past year. AR p. 256.

Under the regulations and applicable legal standards, the ALJ must consider a claimant's subjective complaints, but may find that those complaints are not credible or are exaggerated in light of the objective medical and other evidence of record, such as daily activities and medications. The ALJ is not required to give subjective evidence precedence over objective evidence. 20 C.F.R. §§ 404.1529; 416.929; 20 C.F.R. §§ 404.1527; 416.927; Social Security Ruling 96-7p;[22] *Anthony v. Sullivan,* 954 F.2d 289, 295-96 (5th Cir. 1992); *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

Review of the ALJ's decision and the record as a whole demonstrate that the ALJ cited and properly applied the above legal standards in evaluating the plaintiff's credibility.

In his decision, the ALJ cited the governing regulations and properly applied them by examining the plaintiff's subjective complaints in light of the medical records of the plaintiff's treatment, her daily activities, and the medical source statements contained in the record. AR pp. 32-34. The ALJ did not wholly reject the plaintiff's allegations of pain and limitations. Rather, he credited them, but only to the extent he found her complaints consistent with the objective evidence, which showed that she was limited to sedentary work. This finding is supported by substantial evidence - the same evidence cited above in the

---

[22] TITLES II AND XVI: EVALUATION OF SYMPTOMS IN DISABILITY CLAIMS: ASSESSING THE CREDIBILITY OF AN INDIVIDUAL'S STATEMENTS, SSR 96-7p, 1996 WL 374186 (S.S.A. July 2, 1996).

16

analysis of the ALJ's RFC determination.

**The ALJ's finding at the fourth step that the plaintiff is not disabled because she can perform her past relevant work as a receptionist is supported by substantial evidence.**

Under 20 C.F.R. §§ 404.1560(b)(2); 416.960(b)(2) and the case law, it is well-established that a determination of whether a claimant can do his or her past relevant work may rest on descriptions of past work as actually performed or as generally performed in the national economy. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); *Khawaja v. Shalala*, 20 F.3d 1170 (5th Cir. 1994); *Cooper v. Barnhart*, 55 Fed. Appx. 716 (5th Cir. 2002); *Alexander v. Astrue*, 412 Fed.Appx. 719 (5th Cir. 2011).

At the ALJ hearing vocational expert Galloway testified that given the plaintiff's age, education and work experience, and with the ability to do a full range of sedentary work, the plaintiff could be employed at a job she had done in the past - receptionist - as that work is generally performed in the national economy. This vocational evidence constitutes substantial evidence to support the ALJ's finding the plaintiff is not disabled at step four. AR pp. 34, 57-58.[23]

## Conclusion

The record as a whole demonstrates that the ALJ applied the

---

[23] If the ALJ had proceeded to the fifth step to determine whether the plaintiff could do other work, given the plaintiff's age, education and work experience, and the ability to do sedentary work, Rules 201.28 and 201.29 of the Medical-Vocational Guidelines, would also have directed a finding that the plaintiff is not disabled.

17

correct legal standards, and his findings are supported by substantial evidence.  Under sentence four of § 405(g) the final decision of the Commissioner should be affirmed.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying the application of plaintiff Tammy Lynn Cicero for disability insurance and supplemental security income benefits be affirmed and that this action be dismissed.

Baton Rouge, Louisiana, March 26, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE